No. 1106.

REV. L. ENAUT VS. J. E. MCGUIRE AND J. GARRETT, STATE AND CITY
TAX COLLECTORS.

Vacant property held in private ownership by the authorities of a church, who had bought
it in anticipation of an increase in size and population of the city in order that the church
might have room for improvements in case of such increase, and with the intention of
erecting thereon a church, school or hospital when needed ; in absence of any actual use
for such purposes, and of any immediate intention or preparation to construct such
buildings, is not a "place of public worship," or a "charitable institution," or "prop-
erty used for colleges, or other school purposes," within the meaning of article 210 of the
Constitution, and is not exempt from taxation.

APPEAL from the Fifth District Court, Parish of Ouachita.
Richardson, J.

R. Ray for Plaintiff and Appellant.

T. O. Benton fot Defendants and Appellees.

The opinion of the court was delivered by

FENNER, J. Plaintiff, who is parish priest for St. Matthew's Church
in Monroe, brings this action to enjoin the collection of State and city
taxes on property held for the benefit of the Roman Catholic Church,
on the ground that it is exempt from taxation under the provisions of
article 207 of the Constitution of 1879.

The property consists of two vacant squares in the city of Monroe
which have never been leased or used for any purpose whatever. They
were bought in 1874, and, according to the testimony of plaintiff him-
self, who is the sole witness in the case, "the purchase was made upon
my representing to the proper parties that it would be advisable for
the church to have some grounds for improvements in case the city
should increase. That was the reason of the purchase. They were
purchased exclusively for the use of the Catholic Church, and have not
been on the market since, and are waiting for the building to be made
as soon as possible. It is intended to build a school-house, or church,
or hospital, as may be needed on those lots."

This is the sole testimony in the transcript affecting the question.

Article 207 of the Constitution exempts "places of religious worship,
all charitable institutions, all buildings and property used exclusively
for colleges or other school purposes, etc."

We are not precisely advised whether plaintiff claims that the prop-
erty here is a "place of religious worship," a "charitable institution,"
or "property used exclusively for colleges or other school purposes."

Enaut vs. Tax Collectors.

Unless it falls, literally or by clear intendment, within one of these categories, there is no warrant for the exemption claimed. Literally, it certainly falls within neither of them. It is not a "place of religious worship;" it is not a "charitable institution;" it is not "used for college or other school purposes." Nor, in any legal sense, is there a dedication of the property to any one of those purposes or to all of them combined. Obviously, it is not yet determined whether a church, or a school, or a hospital shall be established. A mere vague purpose exists at some infinite time to establish one or more of these institutions on the property, as may be needed. Nothing fixes this purpose; nothing prevents the owner from abandoning it at will; nothing opposes his right to convert it into business or residence property, or to sell it to the first advantageous purchaser. Such an ambulatory and purely potestative dedication amounts to nothing.

The plain fact is that the church authorities, impressed in 1874 with the belief that the city of Monroe was destined to increase largely in size and population, thus adding to the value of property and extending the field of operation of the church, with that judicious and far-sighted providence which characterizes them, thought it wise to invest in this property, before the anticipated accretion in value should take place, in order (to use plaintiff's language) that the church might "have some ground for improvements in case the city should increase."

The property has been held for ten years. The anticipated increase of the city has not taken place. The expansion of the church's field and needs has not arisen. The necessity for the "improvements" is not yet upon it. No plan is yet decided upon. No steps are on foot to build church, school or hospital. For aught that appears, the vague and undefined purpose is no nearer fruition to-day than it was ten years ago. *Non constat* that it will ever be carried out. By no stretch of even the most liberal interpretation can property thus owned and situated be brought within the purview of the constitutional provision exempting "places of public worship, charitable institutions and property used for colleges or other school purposes."

Analogy is entirely wanting between this case and those supposititious ones instanced by plaintiff's counsel, such as: property upon which a church, school or hospital is being constructed; or property on which such buildings had existed which had been burned down and while preparations were being made to rebuild; or the new graveyard, waiting for death to bring its tenants. Such cases will be determined when they arise, but upon principles entirely inapplicable here.

Judgment affirmed.